IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>    Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Electronic Frontier Foundation seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff and wrongfully withheld by defendant Department of Justice. Specifically, plaintiff seeks disclosure of records concerning actions taken by the Foreign Intelligence Surveillance Court that purportedly authorize surveillance activities that the Executive Branch had previously asserted could be conducted without such judicial authorization.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government.  DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Warrantless Electronic Surveillance Conducted by the National Security Agency Within the United States**

5.  On December 16, 2005, the *New York Times* reported on its front page that "after the Sept. 11 attacks, President Bush secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without the court-approved warrants ordinarily required for domestic spying."  James Risen and Eric Lichtblau, *Bush Lets U.S. Spy on Callers Without Courts*, NY Times, Dec. 15, 2005.

6.  One day after the publication of the *Times* article, on December 17, 2005, President Bush confirmed the existence of the warrantless surveillance program. President's Radio Address, December 17, 2005.  The President and other Executive Branch officials subsequently referred to the program as the "Terrorist Surveillance Program."

### The Actions of the Foreign Intelligence Surveillance Court Purportedly Authorizing the Electronic Surveillance Previously Conducted Without Judicial Authorization

7. In a letter to Sens. Patrick Leahy and Arlen Specter dated January 17, 2007, the Attorney General wrote, *inter alia*,

> I am writing to inform you that on January 10, 2007, a Judge of the Foreign Intelligence Surveillance Court issued orders authorizing the Government to target for collection international communications into or out of the United States where there is probable cause to believe that one of the communicants is a member or agent of al Qaeda or an associated terrorist organization. As a result of these orders, any electronic surveillance that was occurring as part of the Terrorist Surveillance Program will now be conducted subject to approval of the Foreign Intelligence Surveillance Court.

8. At a press briefing on January 17, 2007, White House Press Secretary Tony Snow discussed the orders described in the Attorney General's letter. Mr. Snow said, *inter alia*, that "[t]he FISA Court has published the rules under which such [surveillance] activities may be conducted," that "the Foreign Intelligence Surveillance Court has put together its guidelines and its rules [governing the conduct of such surveillance]," and that the Administration's electronic surveillance activities will "continue[] under the rules that have been laid out by the court." Press Briefing by Tony Snow, Jan. 17, 2007.

### Plaintiff's FOIA Request and Defendant DOJ's Failure to Disclose the Requested Records

9. By letter sent by facsimile to defendant DOJ's Office of Intelligence Policy and Review ("OIPR") on January 23, 2007, plaintiff requested under the FOIA the following records:

> copies of all Foreign Intelligence Surveillance Court ("FISC") orders referenced by the Attorney General in his letter to Sens. Leahy and Specter, and all FISC rules and guidelines associated with such orders and/or referenced by Mr. Snow in the January 17 press briefing.

3

10. By letter to plaintiff dated January 26, 2007, OIPR acknowledged that it received plaintiff's FOIA request described in ¶ 9, *supra*, on January 23, 2007.

11. To date, defendant DOJ has not disclosed any records responsive to plaintiff's FOIA request.

12. Defendant DOJ has violated the applicable statutory time limit for the processing of FOIA requests.

13. Plaintiff has exhausted the applicable administrative remedies.

14. Defendant DOJ has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

15. Plaintiff repeats and realleges paragraphs 1-14.

16. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

17. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DOJ's wrongful withholding of the requested records.

18. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ (and its component OIPR) to process immediately the requested records in their entirety;

B. order defendant DOJ (and its component OIPR), upon completion of such processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar. No. 484136

Electronic Frontier Foundation
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff