**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> _____) | Civil No. 07-00403 (TFH) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR <u>IN CAMERA</u> REVIEW AND REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant's Motion for Summary Judgment, filed May 11, 2007 (Docket No. 7) (hereinafter "Deft's Mot."), explained that the orders of the Foreign Intelligence Surveillance Court ("FISC") sought by plaintiff could not be disclosed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because the documents are highly classified and directly implicate the methods, means, sources and targets of foreign intelligence collection critical to ongoing counter terrorist activities.  In opposing defendant's motion (Docket No. 9, hereinafter "Pl's Opp."), plaintiff concedes that "the government has met its burden of demonstrating that the documents contain <u>some</u> exempt material."  Pl's Opp. at 13.  Thus, plaintiff concedes that, as to any "operational details" contained in the withheld orders, <u>see</u> Pl's Opp. at 12, defendant has properly withheld the material under three applicable FOIA exemptions:  Exemption 1, 5 U.S.C. § 552(b)(1), which exempts records that are currently and properly classified, <u>see</u> Deft's Mot. at 8-16; Exemption 3, 5 U.S.C. § 552(b)(3), which exempts records protected from disclosure by some other statute, in this case, Section 102A(i)(l) of the Intelligence Reform and Terrorism Prevention Act of 2004, codified at 50 U.S.C. § 403-l(i)(1), which protects intelligence sources

and methods, see Deft's Mot. at 16-18; and Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which exempts records compiled for law enforcement purposes where disclosure would interfere with a pending or prospective law enforcement activity. See Deft's Mot. at 18-22.[1]

Plaintiff's only claim in opposition to defendant's motion is that the "material may not be withheld in its entirety." Pl's Opp. at 6. Plaintiff contends that the defendant has failed to conduct a segregability analysis as required by FOIA, and that "the circumstances surrounding the withheld material strongly suggest that segregable parts of the disputed FISC material can, in fact, be disclosed without harm to national security or other cognizable interests." Id. Under these theories, plaintiff seeks in camera review of the withheld documents.

Pursuant to the well-established law of this Circuit, in camera review is neither necessary nor appropriate in this case. A district court's review of a FOIA case should be limited to the agency's submissions and in camera review of withheld documents is "generally disfavored." See PHE, Inc. v. Dept. of Justice, 983 F.2d 248, 253 (D.C. Cir. 1993). Instead, where "the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents." Students Against Genocide v. Dept. of State, 50 F. Supp. 2d 20, 23 (D.D.C. 1999) (Facciola, M.J.) (citing Hayden v. Nat'l Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979)), aff'd in pertinent part, remanded in part, 257 F.3d 828 (D.C. Cir. 2001). Thus, while whether to conduct in camera review is left to "the broad discretion of the trial judge." Center for Auto Safety v. EPA, 731 F.2d 16, 20 (D.C. Cir. 1984), "[t]he ultimate criterion is . . . [w]hether

---

[1] Plaintiff also makes no challenge to defendant's showing that it conducted an adequate search for the records requested. Defendant's request for summary judgment on that issue, see Deft's Mot. at 6-7, accordingly, should be granted.

the district judge believes that in camera inspection is needed in order to make a responsible de novo determination on the claims of exemption." Id. Particularly in cases involving national security, "a district court exercises a wise discretion when it limits the number of documents it reviews in camera." See Armstrong v. Exec. Ofc. of the President, 97 F.3d 575, 580 (D.C. Cir. 1996) (finding two clear benefits: "First, it makes it less likely that sensitive information will be disclosed. Second, if there is an unauthorized disclosure, having reduced the number of people with access to the information makes it easier to pinpoint the source of the leak.").

Here, defendant has presented a detailed declaration explaining the reasons why FOIA specifically exempts the withheld documents from disclosure. See generally Olsen Decl. That declaration, submitted on the public record, plainly demonstrates the applicability of Exemptions 1, 3, and 7(A). See id. ¶¶ 13-31. Moreover, plaintiff's allegation that defendant has failed to conduct the segregability analysis required by FOIA is incorrect. Mr. Olsen's original declaration provided as much information as could be provided on the public record. See id. ¶ 18. In conjunction with this brief in opposition to plaintiff's motion for in camera review, defendant has lodged an In Camera, Ex Parte Declaration of Matthew G. Olsen, Deputy Assistant Attorney General, National Security Division, which further supports defendant's demonstration that the disputed documents are properly withheld in their entirety.[2] See In Camera, Ex Parte Olsen Decl. ¶¶ 5, 10-26. In light of the evidentiary submission made by defendant in this case, "in camera review is neither necessary nor appropriate." Hayden v. Nat'l Security Agency, 608

---

[2] This declaration is classified in part under the provisions of Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003), and is lodged with the Court for its in camera, ex parte review. See Defendant's Notice of Lodging of Classified Exhibit, filed contemporaneously herewith; Edmonds v. Fed. Bureau of Investigation, 272 F. Supp. 2d 35, 46 n.4 (D.D.C. 2003) (Huvelle, J.) ("Court are permitted to review classified affidavits ex parte and in camera in national security cases.") (citing cases). A redacted version of the second Olsen Declaration, is attached hereto as Ex.A.

F.2d 1381, 1387 (D.C. Cir. 1979); see Nat'l Security Archive Fund v. Cent. Intelligence Agency, 402 F. Supp. 2d 211, 221 (D.D.C. 2005) (Collyer, J.) (declining to order in camera review of withheld documents because of specificity of declaration and in light of D.C. Circuit's "cautionary instruction" that "[j]udges . . . lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case") (citing Halperin v. Cent. Intelligence Agency, 629 F.2d 144, 148 (D.C. Cir. 1980); see also Quiñon, 86 F.3d at 1228 (in camera review should not be "resorted to as a matter of course, simply on the theory that 'it can't hurt'"); Hayden, 608 F.2d at 1387 (reliance on agency submissions in lieu of in camera review "is in accordance with congressional intent that courts give agency affidavits 'substantial weight,' in recognition of the agency's expertise. In this scheme, in camera review is a "last resort . . .").

In addition, neither of the three "circumstances surrounding the withheld material" that plaintiffs claim "strongly suggest that segregable parts of the disputed FISC material can, in fact, be disclosed without harm to national security or other cognizable interests," Pl's Opp. at 6, demonstrates any such thing. First, plaintiff's reliance on the Foreign Intelligence Surveillance Act for the proposition that the Act contemplates the creation of unclassified "rules and procedures" is misplaced because that provision has no bearing on this case. See Pl's Opp. at 10. The provision that plaintiff cites deals with "rules and procedures . . . as are reasonably necessary to administer [the FISC's] responsibilities under this Act," 50 U.S.C. § 1803(f) (emphasis added), and allows the creation of rules similar to the Federal Rules of Civil Procedure or the Local Rules of this Court and provides for their transmission to, inter alia, various oversight committees of Congress. These rules governing the administration of FISC proceedings are, in fact, publicly available. See http://www.uscourts.gov/rules/FISC_Final_Rules_Feb_2006.pdf. But, this provision has no bearing on rules and procedures put in place by the Court, not for

purposes of administration, but rather to regulate any foreign intelligence collection activities that it authorizes.  It is not surprising that such rules and procedures may regularly require the same confidentiality that governs the authorization itself, since to reveal the procedures under which collection may be undertaken would demonstrate much about the scope and limitations of the authorization.  See, e.g., In Camera, Ex Parte Olsen Decl. ¶¶ 17-18, 23-24.

Second, plaintiff's reliance on a single decision of the Foreign Intelligence Surveillance Court of Review, which was released with limited redactions, to support its claim that the withheld documents here can also be so released, is specious.  The redacted release of one decision of the Foreign Intelligence Surveillance Court of Review, in the face of the thousands of FISC orders issued each year that are maintained under strict secrecy,[3] hardly demonstrates that defendant's description of FISC material as "routinely classified" is erroneous in any way.  To the contrary, as defendant's original brief demonstrated, even in cases where ongoing criminal proceedings put an individual's liberty in jeopardy, courts have consistently and routinely denied requests for disclosure of orders issued by the FISC.  See Deft's Mot. at 14 (citing cases).  In any event, regardless of the status of any other FISC order, as defendant's declarations firmly establish, the specific FISC orders sought by plaintiffs in this case contain no information that can be released without causing harms to national security, without compromising intelligence sources and methods, and without interfering with current and prospective law enforcement investigations.  See Olsen Decl. ¶¶ 13-31; In Camera, Ex Parte Olsen Decl. ¶¶ 10-26.  Nothing in plaintiff's argument can dispute the evidence set forth in these sworn declarations.

---

[3] In 2006 alone, for example, the FISC issued 2176 orders authorizing electronic surveillance and physical search.  See Letter, dated April 27, 2007, from Richard A. Hirtling, Acting Assistant Attorney General, Office of Legislative Affairs, United States Department of Justice, to the Honorable Richard B. Cheney, President, United States Senate, available at http://www.usdoj.gov/nsd/foia/reading_room/2006fisa-ltr.pdf.

Third, plaintiff's reliance on the statement by the Honorable Judge Colleen Kollar-Kotelly that she has "no objection" to the disclosure of the requested documents, see Pl's Opp. at 4, 12-13, & Pl's Opp., Ex. B, is equally misplaced.  Plaintiff asks this Court to read too much into this statement.  Judge Kollar-Kotelly serves as the presiding Judge of the FISC, but as the Supreme Court and the Court of Appeals have repeatedly noted, "the judiciary is in an extremely poor position to second-guess the executive's judgment in [the] area of national security." Center for Nat'l Security Studies v. U.S. Dept. of Justice, 331 F.3d 918, 928 (D.C. Cir. 2003), cert. denied, 540 U.S. 1104 (2004); see also Cent. Intelligence Agency v. Sims, 471 U.S. 159, 180 (1985) ("[I]t is the responsibility of [Executive Branch officials], not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the Agency's intelligence-gathering process.").

Indeed, as noted in plaintiff's filing, Judge Kollar-Kotelly fully recognizes this limitation: "the Court's practice is to refer any requests for classified information to the Department of Justice.  In this instance, the documents that are responsive to your request contain classified information and, therefore, I would ask you to discuss the matter with the Attorney General or his representatives."  Pl's Opp., Ex. B.  This "practice" of referral to the Executive Branch is done as a matter of necessity, for it is the Executive Branch, and only the Executive Branch, to which the responsibility of ensuring the security of classified information is constitutionally committed. See Dept. of Navy v. Egan, 484 U.S. 518, 527 (1988) ("The President['s] . . . authority to classify and control access to information bearing on national security . . . flows primarily from th[e] constitutional investment of power in the President [by the "Commander in Chief" clause] and exists quite apart from any explicit congressional grant"); Dorfmont v. Brown, 913 F.2d 1399, 1401 (9th Cir. 1990) ("The decision to grant or revoke a security clearance is committed to the

discretion of the President by law.").

In this case, a responsible classification authority within the Department of Justice has reviewed the material in question and has determined that it is currently and properly classified, See Olsen Decl. ¶ 14; see also In Camera, Ex Parte Olsen Decl. at 26. Moreover, Mr. Olsen has precisely explained that national security would be harmed, that intelligence sources and methods would be compromised, and that ongoing and prospective law enforcement investigation would be subject to interference, if any part of the responsive documents were ordered to be disclosed. Olsen Decl. at ¶¶ 13-31; see also In Camera, Ex Parte Olsen Decl. at 10-26. In the face of these uncontradicted showings, defendant has clearly demonstrated the proper withholding of the requested documents under FOIA Exemptions 1, 3 and 7(A) in their entirety, and it is entitled to summary judgment.

## CONCLUSION

For the reasons stated herein, and in defendant's opening briefs, summary judgment should be granted to defendant. Plaintiff's request for in camera review should be denied.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General, Civil Division

    JEFFREY A. TAYLOR
    United States Attorney

    JOSEPH H. HUNT
    Director, Federal Programs Branch

    JOHN R. TYLER
    Senior Trial Counsel
    Federal Programs Branch

-8-

           _____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel,
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated: June 25, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 07-00403 (TFH) |

**REDACTED DECLARATION OF MATTHEW G. OLSEN**

I, Matthew G. Olsen, do hereby state and declare as follows:

1. **(U)** I am the Deputy Assistant Attorney General, National Security Division of the United States Department of Justice ("DOJ" or "Department") and oversee the operations of the Office of Intelligence Policy and Review ("OIPR"). In this capacity, I manage all operations within OIPR, including Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, administration.

2. **(U)** I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

3. **(U)** I also herein rely upon my previous declaration in this matter, executed on May 11, 2007, and referred to as the First Olsen Declaration. That declaration described, to the greatest extent possible in an unclassified setting, the reasons for withholding documents responsive to the January 23, 2007, FOIA request made by the Electronic Frontier Foundation ("EFF").

4. **(U)** Specifically, my previous declaration explained that two documents or categories of documents had been withheld in response to EFF's request, First Olsen

Decl. ¶ 9; that the withheld documents consisted of orders signed by the Foreign Intelligence Surveillance Court ("FISC") and procedures that regulate the acquisition, retention and dissemination of information about United States persons, including persons who are not the targets of collection pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended ("FISA"), id. ¶ 11; and that the documents were properly withheld in their entirety under FOIA Exemptions 1, 3 and 7(A), which exempt from disclosure, respectively, records that are currently and properly classified, 5 U.S.C. § 552(b)(1); records that are protected from disclosure under some other statute, id. § 552(b)(3), and records that are compiled for law enforcement purposes where disclosure could reasonably be expected to interfere with law enforcement proceedings, id. § 552(b)(7)(A).  See First Olsen Decl. ¶¶ 13-22 (discussing withholding under Exemption 1); id. ¶¶ 23-25 (discussing withholding under Exemption 3); id. ¶¶ 26-31 (discussing withholding under Exemption 7(A)).

     5.    **(U)** The purpose of this declaration is to provide the Court with additional information concerning the documents withheld in this case that could not be included in my unclassified First Declaration due to the public nature of that submission.  The information contained in this declaration, which describes in detail the orders and procedures issued by the FISC on January 10, 2007, is highly classified and cannot be disclosed without causing exceptionally grave harm to national security.  See First Olsen Decl. ¶ 18.  This information is intended to supplement my First Declaration and to further demonstrate why the documents responsive to the FOIA request made by EFF were properly withheld in their entirety.

### CLASSIFICATION OF DECLARATION

6. REDACTED

7. REDACTED

8. REDACTED

9. REDACTED

### THE JANUARY 10, 2007, FISC ORDERS

10. REDACTED

11. REDACTED

12. REDACTED

13. REDACTED

14. REDACTED

15. REDACTED

16. REDACTED

17. REDACTED

18. REDACTED

19. REDACTED

20. REDACTED

21. REDACTED

22. REDACTED

23. REDACTED

24. REDACTED

25. REDACTED

26.     (U)  As indicated in my previous declaration, an original classification authority within OIPR has reviewed the responsive documents and has determined that they are currently and properly classified in their entirety.  First Olsen Decl. ¶ 14.  For all the reasons stated in herein, and in my previous declaration, accordingly, these documents were properly withheld under FOIA Exemptions 1, 3, and 7(A) in their entirety.

I declare under penalty of perjury that the foregoing is true and correct.

MATTHEW G. OLSEN
Deputy Assistant Attorney General
National Security Division

Executed on this 25th day of June 2007.