IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0403 (TFH) |
| ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPLY MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW

In this action, plaintiff Electronic Frontier Foundation ("EFF") seeks disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, of Foreign Intelligence Surveillance Court ("FISC") orders, rules and/or guidelines that purportedly authorize surveillance activities within the United States that the Executive Branch had previously asserted could be conducted without such judicial authorization. Defendant Department of Justice ("DOJ") has moved for summary judgment, asserting that all of the material EFF seeks is exempt from disclosure in its entirety. Plaintiff opposes the government's motion and has cross-moved for *in camera* review of the withheld material; DOJ opposes such review. Plaintiff now submits this brief reply in support of its request for *in camera* review.

### Argument

When it moved for summary judgment on May 11, 2007, DOJ sought to rely solely upon the declaration of Deputy Assistant Attorney General Matthew G. Olsen. As plaintiff noted in its opposition to the government's motion, that declaration contained no discussion of any "segregation analysis," nor did it indicate any "apparent effort to segregate non-exempt,

releasable material from the withheld records." Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Motion for *In Camera* Review ("Pl. Opp.") at 9.  In its attempt to avoid the Court's *in camera* inspection of the disputed records, the government now seeks to rely upon an *in camera*, *ex parte* declaration executed by Mr. Olsen, the public version of which continues to remain silent on the critical issue of segregation.  *See* Defendant's Opposition to Plaintiff's Motion for *In Camera* Review and Reply in Support of Defendant's Motion for Summary Judgment ("Def. Opp.") at 3; *In Camera*, *Ex Parte* Declaration of Matthew G. Olsen (redacted version attached to Def. Opp. as Exhibit A).

In suggesting that the Court can rely upon an *in camera*, *ex parte* declaration in lieu of *in camera* inspection, the government seriously misapprehends the controlling law of this circuit. As the court of appeals made crystal clear in *Armstrong v. Executive Office of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996), "[w]hereas the use of *in camera* review is generally encouraged, the use of *in camera* affidavits has generally been disfavored."  *See also Billington v. Dep't of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000) (district court receipt of *in camera* declaration "is disfavored"); *Lykins v. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984) ("[a]lthough *in camera* review of withheld documents is permissible (and even encouraged), we have held that a trial court should not use *in camera* affidavits unless necessary . . .") (citations omitted).[1]

In *Lykins*, where the district court accepted an *in camera* affidavit *and* conducted an *in camera* review of the disputed documents, the D.C. Circuit held that the lower court's partial

---

[1] Defendant cites *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 253 (D.C. Cir. 1993), for the proposition that "*in camera* review of withheld documents is 'generally disfavored.'" Def. Opp. at 2.  In language defendant omits, the court went on to explain that "[i]t is 'not a substitute' for the government's obligation to justify its withholding in *publicly available and debatable documents*." (citation and internal quotation marks omitted; emphasis added).  In any event, *PHE, Inc.* pre-dates *Armstrong* and to the extent that the decisions conflict, "the more recent analysis controls." *Trimble v. Gordon*, 430 U.S. 762, 776 n.17 (1977).

reliance upon the *in camera* affidavit was error.  The court explained that the use of *in camera* declarations is disfavored because such a procedure conflicts with "the judicial system's interest in an effective adversary system." *Id*. at 1465.  That interest was not adequately served by the agency's public declaration, which suffered from the same defect present here – "[t]he affidavit [did] not discuss the question of what parts of the [withheld] report might be segregable and therefore subject to disclosure." *Id*. at 1464; *see also id*. at 1465 (public record contained "no information concerning . . . the possibility of segregating exempt portions from nonexempt portions").  It is thus clear that reliance upon an *in camera* declaration – even in conjunction with an *in camera* examination of withheld records – is strongly disfavored.  Here, the government urges the Court to forego *in camera* review of the disputed documents entirely and rely instead upon the *in camera*, *ex parte* Olsen declaration.  Plaintiff is unaware of any authority suggesting that such a procedure would be appropriate under the circumstances present in this case.

       The government offers nothing in support of its resistance to *in camera* review other than the proffered *ex parte* declaration.  It does not even attempt to challenge plaintiff's argument that the "ultimate criterion" is "[w]hether the district judge believes that *in camera* inspection is needed in order to make a responsible *de novo* determination on the claims of exemption." Pl. Opp. at 16, quoting *Spirko v. U.S. Postal Serv*., 147 F.3d 992, 996 (D.C. Cir. 1998).  Nor does the government explain why the Court should not exercise its "broad discretion," *id.*, which the D.C. Circuit described succinctly in *Lykins*: "in cases in which a look at the withheld material itself would be useful, we have fully approved *in camera* examination of the withheld material

3

by the trial court." 725 F.2d at 1463. Given the agency's unwillingness to be more forthcoming on the public record, the exercise of that discretion would be wholly appropriate here.[2]

## Conclusion

For the foregoing reasons, and those set forth in plaintiff's opening memorandum, defendant's motion for summary judgment should be denied and plaintiff's motion for *in camera* review should be granted.

Respectfully submitted,

 /s/David L. Sobel
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar. No. 484136

Electronic Frontier Foundation
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

---

[2] Defendant mistakenly asserts that EFF "makes no challenge to defendant's showing that it conducted an adequate search for the records requested." Def. Opp. at 2 n.1. In fact, plaintiff noted that "there is some confusion as to the number of documents at issue" in the case, and that DOJ refuses to state on the public record the number of responsive records it located as a result of its search. Pl. Opp. at 13 n.5. As such, *in camera* inspection would also assist in Court in making a determination as to the adequacy of the agency's search.