UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF JUSTICE,<br><br>          Defendant. | Civil No. 07-00403 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is Electronic Frontier Foundation's ("EFF's") Motion for Reconsideration [Docket No. 16], which was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]  EFF seeks reconsideration of this Court's ruling issued on July 26, 2007 and subsequently memorialized in a Memorandum Opinion dated August 14, 2007.  EFF asserts that an August 3, 2007 Washington Post article constitutes new evidence that the Foreign Intelligence Surveillance Court ("FISC") orders it sought from the Department of Justice via the Freedom of Information Act "'primarily address[] legal issues, as opposed to operational details' of the NSA surveillance program."  Mot. for Recons. 3 (emphasis omitted).  According to EFF, "[t]he newly available facts . . . warrant the Court's reconsideration of its decision to adjudicate the

---

[1]  As the D.C. Circuit has explained, "[a] Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

government's motion for summary judgment without first reviewing the withheld material *in camera*." *Id.*

The Washington Post article cited by EFF contains statements suggesting that a FISC judge "secretly declared a key element of the Bush administration's wiretapping efforts illegal . . . ." Mot. for Recons. Ex. A. The primary source for the purported statements is House Minority Leader John A. Boehner, who reportedly made the statements during an interview he gave to Fox News anchor Neil Cavuto. *Id.* The article further claims that Rep. Boehner's "spokesman" said the statements "were based on a public, Jan. 17 letter to Congress by Attorney General Alberto R. Gonzales . . . ." *Id.* EFF contends that this newspaper article is significant because it lends support to EFF's claim that the FISC orders sought in its FOIA request contain legal analyses that should be disclosed to the public versus operational details about the NSA surveillance program. Mot. for Recons. 3.

There are several problems with EFF's assertion that the newspaper article constitutes new evidence warranting reconsideration. Notably, a careful review of the article reveals that the only source for the claim that a FISC judge declared the administration's wiretapping program illegal is Rep. Boehner's statements. Even assuming for the sake of argument that Rep. Boehner was correct that such a ruling exists, he reportedly stated in July that the ruling was issued "over the last four or five months," which would place such a ruling, at the earliest, in March or April of 2007. *Id.* EFF's FOIA request, however, was limited exclusively to "orders referenced by the Attorney General in his [January 17, 2007] letters to Sens. Leahy and Specter" and orders "referenced by [former White House Press Secretary Tony Snow] in the January 17 press

briefing." *See* Mem. Op. 2-3 (Aug. 14, 2007). Accordingly, to the extent the FISC allegedly issued a ruling after January 17, 2007, that ruling would be irrelevant for the purpose of this Court's evaluation of the Justice Department's response to EFF's FOIA request.

Moreover, the newspaper article states that Attorney General Gonzales' January 17, 2007 letter "*referred only to 'approval' of a government surveillance request* and did not refer, as Boehner did, to the court's rejection of surveillance of specific foreign communications routed through the United States." Mot. for Recons. Ex. A (emphasis added). Consequently, the newspaper article actually contradicts EFF's claim that the FISC orders at issue in this case contain legal analyses of the NSA's prior surveillance activities. At best, all that can be distilled from the newspaper article with regard to the Attorney General's January 17, 2007 letter, and the White House press briefing on that same date, is that the government applied to the FISC to engage in surveillance activities and that application reportedly was approved. There is nothing whatsoever in the newspaper article that offers any support for the contention that the FISC issued a ruling on or before January 17, 2007 that addressed the legality of the NSA's so-called warrantless surveillance program.

These conclusions point to an inevitable result, which is that the newspaper article EFF cited is not new evidence with regard to consideration of the Justice Department's response to EFF's FOIA request. If, in fact, the premise for Rep. Boehner's comments was the Attorney General's January 17 letter, the existence of that letter and whatever it arguably implicated was brought to this Court's attention and considered by this Court before it issued the ruling now challenged by EFF. The newspaper article provides no new information about the orders that

were the subject of EFF's FOIA request.  Thus, there is nothing in the newspaper article that suggests the Justice Department misrepresented the facts in either the public or classified declarations in this case, or that it acted in bad faith.  As the Court explained in its decision granting the Justice Department's motion for summary judgment, "[b]ecause the Court found the Justice Department's declarations sufficient to conduct a *de novo* review and verify the applicability of the asserted FOIA exemptions, it will exercise its discretion to decline an *in camera* inspection of the responsive documents."  Mem. Op. 24.  Because there is no reason at this time to reassess that decision, the Court will deny EFF's motion for reconsideration.

      An appropriate order accompanies this memorandum opinion.


January 29, 2008                                                      /s/ *Thomas F. Hogan*
                                                                     Thomas F. Hogan
                                                                       Chief Judge